UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:16-cv-00559-MOC
(CRIMINAL CASE NO. 3:14-cr-00019-MOC-1)

| | |
|---|---|
| **JAMES LEWIS, JR.,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1],[1] Petitioner's Amended Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 3], and the Government's Motion to Dismiss [CV Doc. 10].

**I.    BACKGROUND**

On January 10, 2014, Petitioner James William Lewis, Jr., ("Petitioner") was charged in a Bill of Indictment with one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count One) and one count of possession and brandishing of a firearm in furtherance of crime of violence, that is, Hobbs Act robbery as set forth in Count One, in violation of 18 U.S.C. § 924(c) (Count Two).  [CR Doc. 6: Indictment].  On May 16, 2014, Petitioner pleaded guilty to both counts without a plea agreement.  [CR Doc. 13: Acceptance and Entry of Guilty Plea].  In preparation for sentencing, a probation officer prepared a Presentence Report (PSR).  [CR Doc. 21: PSR].  The probation officer found the Total Offense Level (TOL) for Count One to be 31 and a Criminal

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:16-cv-00559-MOC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:14-cr-00019-MOC-1.

History Category of I, which yielded a guidelines range of a term of imprisonment for Count One between 108 to 135 months, followed by a mandatory consecutive sentence of not less than 7 years for Count Two. [Id. at ¶¶ 39, 46, 91]. Petitioner's sentencing hearing was held on July 8, 2015. After further consideration of the applicable guidelines at sentencing, the Court determined Petitioner's TOL to be 17, not 31, which yielded a guidelines range of imprisonment of 24 to 30 months on Count One. [CR Doc. 26: Statement of Reasons]. The Court sentenced Petitioner to a term of imprisonment of 24 months on Count One and a term of imprisonment of 84 months on Count Two, to be served consecutively to the term imposed on Count One, for a total term of imprisonment of 108 months. [CR Doc. 25 at 2: Judgment]. Judgment on Petitioner's conviction was entered on July 17, 2015. [Id.]. Petitioner appealed his conviction and sentence, but voluntarily dismissed his appeal before its adjudication. [CR Doc. 34].

On July 19, 2016, Petitioner filed a pro se motion to vacate sentence under 28 U.S.C. § 2255, arguing that his conviction under 18 U.S.C. § 924(c) is unconstitutional under Johnson v. United States, 135 S. Ct. 2551 (2015) because Petitioner was "not convicted of a crime of violence." [CV Doc. 1 at 4]. After conducting an initial review of Petitioner's § 2255 motion to vacate, the Court ordered the Government to respond. [CV Doc. 2]. Petitioner then filed an amended pro se motion to vacate under 28 U.S.C. § 2255, asserting a claim that he received ineffective assistance of counsel because his attorney failed to argue Johnson at sentencing.[2] [CV Doc. 3 at 4]. The Court ordered the Government to respond to the amended motion to vacate as well. [CV Doc. 4].

Then, upon the request of the Government, this matter was stayed pending the Fourth

---

[2] Plaintiff claims his attorney was "working in tandem with a prosecutor from Columbia, SC who was depending on this first 924(c) conviction in order to get [Petitioner] for a 2nd one on a separate case to give [Petitioner] a mandatory 25[-]year sentence." [CV Doc. 3 at 4].

2

Circuit's decision in United States v. Ali, No. 15-4433, and United States v. Simms, No. 15-4640. [CV Docs. 6, 7]. The Fourth Circuit then ordered that Ali would be held in abeyance pending the Supreme Court's decision in United States v. Davis, No. 18-431. The Supreme Court decided Davis on June 24, 2019. The Court, thereafter, ordered the parties to show cause why the case should remain stayed. [CV Doc. 8]. After agreeing that the stay should be lifted, the Government filed a motion to dismiss Petitioner's § 2255 motion to vacate. [CV Doc. 10]. Plaintiff has not responded. The Court will lift the stay in this matter and dispose of Plaintiff's motions to vacate.

## II.     STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). The Petitioner claims he is entitled to relief on these grounds because, under Johnson, his conviction on Count Two was imposed in violation of the Constitution and laws of the United States. [CV Doc. 1 at 4]. The Petitioner also claims that he received ineffective assistance of counsel because his attorney did not argue Johnson at sentencing. [CV Doc. 3 at 4].

In Johnson, the Supreme Court struck down the Armed Career Criminal Act's (ACCA)

3

residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that enhancing a sentence under the ACCA's residual clause violates due process. Johnson, 135 S. Ct. at 2563. The ACCA residual clause defined a "violent felony" to include any crime punishable by a term of imprisonment exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Accordingly, under Johnson, a defendant who was sentenced to a statutory mandatory minimum term of imprisonment based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. The Supreme Court has held that Johnson applies retroactively to claims asserted on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Here, the Petitioner argues his § 924(c) conviction is invalid under Johnson. Section 924(c) criminalizes the use of a firearm in furtherance of a "crime of violence." Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B).

In short, the Petitioner argues that his § 924(c) conviction is unconstitutional because § 924(c)'s residual clause is "substantially similar" to the ACCA' residual clause, which was found to be unconstitutionally vague, and because a Hobbs Act robbery conviction "does not qualify as a crime of violence under the Force clause of 924(c)." [CV Doc. 1 at 4]. Three years after the Petitioner filed his motion to vacate, the Supreme Court decided United States v. Davis, 139 S. Ct. 2319 (2019). In Davis, the Supreme Court specifically held the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S. Ct. at 2336. As such,

4

Petitioner's conviction on Count Two is valid if Hobbs Act robbery qualifies as a "crime of violence" under § 924(c)'s force clause.  The Fourth Circuit squarely addressed this issue in United States v. Mathis, 932 F.3d 242 (4th Cir. 2019), concluding that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." 932 F.3d at 266.  As such, Petitioner's conviction under 18 U.S.C. § 924(c) is valid.

Further, because Petitioner's conviction under § 924(c) is valid, Petitioner's claim for ineffective assistance of counsel based on his attorney's failure to argue Johnson at sentencing is without merit.  Even if Petitioner could show deficient performance, which he has not, Petitioner cannot establish prejudice because there is no "reasonable probability" that the result of the proceeding would have been any different had his attorney argued Johnson.  Strickland v. Washington, 466 U.S. 668, 694 (1984).

The Court will, therefore, grant the Government's motion to dismiss.

## IV. CONCLUSION

Having concluded that Petitioner's conviction under § 924(c) is valid, the Court will grant the Government's motion to dismiss.

**IT IS, THEREFORE, ORDERED** that:

(1) The stay of these proceedings is hereby **LIFTED**.

(2) Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] and Petitioner's Amended § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 3] are **DENIED** and **DISMISSED**.

(3)  The Government's Motion to Dismiss [Doc. 10] is **GRANTED**.

(4) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of

appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: May 21, 2020

Max O. Cogburn Jr.
United States District Judge